United States District Court
District Court of Maine

| | |
|---|---|
| GLEN PLOURDE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No:_____ |
| PCSO DEPUTY BRIAN KINLEY, | ) And Demand for a Jury Trial |
| PCSO SARGEANT LEWIS BEAL, | ) |
| PENOBSCOT COUNTY SHERRIFS | ) |
| OFFICE, PENOBSCOT COUNTY, | ) |
| | ) |
| Defendants | ) |

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

### I. Parties to the Complaint

Plaintiff

1.  Glen Plourde
    455 Chapman Road
    Newburgh, Penobscot County
    Maine 04444
    207.234.2042
    Glen.Plourde@gmail.com

Defendant #1

2.  Brian Kinley (Penobscot County Sheriff's Deputy)
    85 Hammond Street
    Bangor, Penobscot County
    Maine 04401
    207.947.4585
    Email Address Unknown

Defendant #2

3.  Lewis Beal (Penobscot County Sheriff's Sargeant)
    85 Hammond Street
    Bangor, Penobscot County
    Maine 04401
    207.947.4585
    Email Address Unknown

Defendant #3

    4.    Penobscot County Sheriff's Office
            85 Hammond Street
            Bangor, Penobscot County
            Maine 04401
            207.947.4585
            Email Address Unknown

Defendant #4

    5.    Penobscot County, Maine
            97 Hammond Street
            Bangor, Penobscot County
            Maine 04401
            207.942.8535
            Email Address Unknown

## II. Jurisdiction and Venue

6.    This Court has subject matter jurisdiction over Plaintiff's Federal Constitutional Claims pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 1983 and 1988, as this action arises under the Constitution and laws of the United States.

7.    This Court has subject matter jurisdiction over Plaintiffs' Federal Fraud and Tort Claims pursuant to The Federal Tort Claims Act (August 2, 1946, ch. 646, Title IV, 60 Stat. 812, 28 U.S.C. Part VI, Chapter 171 and 28 U.S.C. § 1346) and, *inter alia*, 18 U.S.C. § 704, respectively.

8.    This Court has personal jurisdiction over the Defendants as they are all, to the best of the Plaintiff's knowledge, state entities and/or residents of Maine.

9.    Venue in this district is proper under 28 U.S.C. § 1391(b) because the Defendants are residents of the district, and the events giving rise to the claim occurred within the district.

10.    This case is properly filed in Bangor because the Plaintiff was subject to unlawful action by the Defendants in Penobscot County, Maine.

11.    With no precedent with which to reference and due to the extent of damage the Plaintiff has suffered, the *Pro Se* Plaintiff respectfully requests $5,000,000 in damages from the defendants, in aggregate.

### III.  Statement of Facts

12. On July 24, 2020 the *Pro Se* Plaintiff has met with defendant Lewis Beal ("Sargeant Beal") at the Penobscot County Sheriff's Office to discuss Civil Service of his Service of Process documents upon defendants in cases BANSC-CV-2020-0055 and BANSC-CV-2020-0017.

13. Sargent Beal explained to the Plaintiff that the PCSO could perform this function and asked what extent of address or personal information Plaintiff had regarding the defendants.  Plaintiff explained to Sargent Beal that he only had the defendants' names, work addresses, and work phone numbers, and asked if this would be ok.

14. Sargent Beal responded that it was not the PCSO's policy to serve service of process at work addresses, citing the fact that it causes "a disruption", although that information would still be useful as oftentimes the PCSO attempts to contact those individuals at work and arrange a time and place that service of process can be accomplished. Sargent Beal furthermore explained that most of the time this procedure works out without any problems.

15. The Plaintiff was a bit skeptical that everything would go as smoothly as Sargent Beal stated, and Plaintiff asked him that, in the event that the PCSO was unable to contact the defendants or the defendants were unwilling to meet with the PCSO, if the PCSO had the resources to determine the defendants home addresses (which Plaintiff did not). Sargent Beal responded that the PCSO did have these resources, and the fact that Plaintiff was providing not just the defendants names but working addresses would make that process easier.

16. The PCSO later proved its ability to find the addresses and make proper service of process under M.R. Civ. P. 4(c)(2) on at least two defendants in case BANSC-CV-2020-0055.

17. The Plaintiff asked Sargent Beal if he could pick up the Original Summons as they were served, as they are time-sensitive. Sargent Beal informed Plaintiff that they usually treat multiple services of process as "package deals" and prefer to return all of Original Summons and paperwork at once rather than piece-meal (Plaintiff received the impression that was how their internal invoicing system was structured), although Sargeant Beal did say that if one or more of the services of process were holding things up, the others could usually be returned piece-meal.

18. Sargent Beal furthermore informed Plaintiff of the cost of service ($50/service of process), and that Plaintiff would need to fill out a "PCSO Civil Service Form" for each of the ten services of process Plaintiff was asking the PCSO to serve. Plaintiff was informed by Sargent Beal that he could download this form from the PCSO website. As Plaintiff did not have the form in his possession that day, Plaintiff found it necessary to return home and complete the forms.

19.   The above Facts will be corroborated by the PCSO's security cameras, which were in plain sight during the entire conversation.

20.   Plaintiff returned to the PCSO on Monday, July 27 2020 at approximately 2:00pm and Sargent Beal again met with the Plaintiff just outside the entrance to the PCSO. Plaintiff had ten folders to give him (one per service of process) and Plaintiff explained to him the contents of each folder, showing him the contents of one particular folder.

21.   Satisfied with the contents of the folder(s) and the PCSO Civil Service Forms the Plaintiff had filled out as directed, Sargent Beal called down a Sheriff's Deputy who he said would be performing the service of process.

22.   Plaintiff does not recall this Deputy's name. The logical conclusion would be that it was the deputy that performed service in BANSC-CV-20-0017 as Sargeant Beal and the deputy himself stated he would.  The return of service(s) indicate that this man was defendant Brian Kinley.

23.   The Plaintiff drew the attention of both Sargeant Beal and Deputy Kinley to the Cover Letter the Plaintiff had included in each Service of Process, which indicated Service of Process must be in accordance with M.R. Civ. P. 4(c)(2).

      The Cover Letter also stated that The Plaintiff did not have the home addresses for the defendants although stated that Sargeant Beal had said that the PCSO could and would find these if necessary (and The PCSO did for two defendants in BANSC-CV-20-0055). This cover letter (there were 10 identical in total, one included in each folder for each service of process) has been included in this complaint as "Exhibit A".  Exhibit A.

24.   Plaintiff spoke with Deputy Kinley briefly and went over the same details discussed with Sargent Beal. Plaintiff made it a point to inform Deputy Kinley that these service of processes must be served in-hand pursuant to M.R. Civ. P. 4(d)(1) and could not simply be "dropped off" or delivered otherwise as Plaintiff did not have The Court's permission for alternate service.

25.   Plaintiff specifically recalls making a point to mention this fact multiple times, both to Sargent Beal and Deputy Kinley, as Plaintiff was already facing multiple challenges to his service of process pursuant to M.R. Civ. P. 4(c)(1) in case BANSC-CV-20-0017.

26.   Sargent Beal and the Sheriff's Deputy acknowledged the fact that service must be in accordance with M.R. Civ. P. 4(c)(2) and specifically M.R. Civ. P. 4(d)(1) and indicated that it would not be a problem.

27. Sargent Beal then looked through the Plaintiff's service of process with this Deputy Kinley. They held conversation amongst themselves and noted that all services of process in BANSC-CV-20-0017 were directed to Northern Light Acadia Hospital or its staff.

28. They also noted that service of process for defendant Northern Light Acadia Hospital was directed to Arrian Stockdell Esq. in case BANSC-CV-20-0017.

29. The *Pro Se* Plaintiff, who is not an attorney nor was/is he familiar with serving complaints under M.R. Civ. P. 4(c)(2), was then told by Deputy Kinley that Deputy Kinley would be serving process of all Northern Light Acadia Hospital defendants on Arrian Stockdell Esq. of Northern Light Health as he recognized Arrian Stockdell Esq. to be a Lawyer for Northern Light Health (Northern Light Acadia Hospital) and stated that Arrian Stockdell Esq., as a Lawyer for Northern Light Acadia Hospital (but not the Defense Counsel who had already entered an appearance upon behalf of the defendants), was authorized to receive service of service of on behalf of the five other Northern Light Acadia Hospital employee defendants.

   This was not a request or an "ask for permission" by Deputy Kinley to the Plaintiff, it was an authoritarian and commanding statement of Fact coming from an armed Sheriff's deputy who would be serving the *Pro Se* Plaintiff's service of process.

30. Deputy Kinley furthermore mentioned words to the effect of that he was familiar with serving Northern Light Acadia Hospital and its Employees and that was how Northern Light Health preferred their employees be served, as they did not like to have their individual employees chased down individually ("harassed").

31. Deputy Kinley therefore appeared to have familiarity with performing service of process on Northern Light Acadia Health and their employees.

32. The Plaintiff voiced his concern that this would not be correct service of process since the defendants were not being served individually although Deputy Kinley stated that it would be because he stated Arrian Stockdell was an authorized recipient under The Maine Rules of Civil Procedure.

   Again, this was not a request or an "ask for permission" by Deputy Kinley to the Plaintiff, it was an authoritarian and commanding statement of Fact coming from an armed Sheriff's deputy who would be serving the *Pro Se* Plaintiff's service of process.

33. Deputy Kinley assured the *Pro Se* Plaintiff that he had spent many years serving civil service of process pursuant to M.R. Civ. P. 4(c)(2) as well as Northern Light Acadia Hospital and its Employees, and that the unschooled as an attorney, *Pro Se* Plaintiff need not worry about anything and service of process would be correctly accomplished pursuant to the Maine Rules of Civil Procedure.

- 5 -

34. The unschooled as an attorney, *Pro Se* Plaintiff was thus inclined by Deputy Kinley to believe that Deputy Kinley would serve his service of process correctly pursuant to the MRCP despite the Plaintiff's concerns that he may not.

    Furthermore, the Plaintiff was very much intimidated by both Sargeant Beal and Deputy Kinley, who told the Plaintiff in an authoritarian, commanding tone how process would be served and it was clear to the Plaintiff they would not be argued with.

35. Thus the Plaintiff left his services of process, along with his $400 retainer, in the hands of Sargeant Beal and Deputy Kinley for service upon the defendants in BANSC-CV-20-0017 and BANSC-CV-20-0055.

36. The above Facts will be corroborated by the PCSO's security cameras, which were in plain sight during the entire conversation.

37. The Returns of Service were not returned to the Plaintiff until 08/11/20. which was much later than originally promised (two to three days), who promptly returned them to The Court.

38. The Plaintiff was unaware that Brian Kinley's service of process was defective until two years later when on 05/31/22 The Penobscot County Superior Court ruled that it was defective and dismissed the Five Employee Defendants in case BANSC-CV-20-0017 that Deputy Kinley had served.

39. The Plaintiff immediately made a motion for reconsideration and a motion for reserve of the Five Employee Defendants in case BANSC-CV-20-0017. Both motions were denied.

40. The Plaintiff's case BANSC-CV-20-0017 has therefore been irrevocably harmed by the actions of both Sargeant Beal and Deputy Kinley as described above.

41. There remains an unruled upon Motion to Dismiss made by the defendant in case BANSC-CV-20-0017 that revolves around a *respondent superior* theory since there are no employee defendants remaining in the case (due to the improper service by Deputy Kinley) and therefore the Plaintiff's case should be dismissed.

42. Even if the Plaintiff's case is not dismissed, it has still been harmed greatly as The Court knows. as there is now only one defendant left instead of the original six.

43. The Plaintiff therefore states that his Fifth Amendment Rights to both Substantive and Procedural Due Process have been intentionally violated by Sargeant Beal and Deputy Kinley for the reasons listed in complaint above and that will continue to be elaborated upon below.

44. The Plaintiff furthermore states that his Fourteenth Amendment Right to Equal Access to and Protection under the Law have been intentionally violated by Sargeant Beal and Deputy Kinley for the reasons listed in complaint above and that will continue to be elaborated upon below.

45. The Plaintiff additionally states that he has been defrauded by both Sargeant Beal and Deputy Kinley, who had at that time worked for the PCSO Civil Division serving complaints for many years (Sargeant Beal since at least 2010 according to public record, Deputy Kinley for "many years") who ignored the Plaintiff's written instructions directing personal service (Exhibit A) and instead performed defective service of process, that they must have known to be defective, upon the employee defendants in case BANSC-CV-20-0017.

   Given their extensive years of experience working for the PCSO Civil Service Division and serving Civil Complaints, it is impossible for any reasonable person to believe that neither Sargeant Beal nor Deputy Kinley, who discussed how service was to be performed and then ignored the Plaintiff's written instructions which indicated correct service of process (Exhibit A) and intimidated and convinced the *Pro Se* unschooled as an attorney Plaintiff that "their way" would be correct, as described above, knew that this was not how proper service of process was performed.

46. The Plaintiff furthermore states that he has been the victim of intentional negligence by defendants Sargeant Beal and Deputy Kinley for the same reasons described in the preceding paragraph.

47. The Plaintiff has named both the Penobscot County Sheriff's Department and the County of Penobscot, Maine as defendants as they are the employers of both defendants Sargeant Beal and Brian Kinley, who have taken advantage of, violated the Constitutional Rights of, and have ignored the written instructions of the Plaintiff (Exhibit A), have intimidated and defrauded the *Pro Se* Plaintiff, and have performed defective service of process in case BANSC-CV-20-0017.

   The Fact that the *Pro Se,* unschooled as an attorney Plaintiff was a victim of both Sargeant Beal and Deputy Kinley, as described above, while the Plaintiff knows that a Barr-Accredited attorney would never have been, leads the Plaintiff to the logical conclusion that his Constitutional Rights have been violated and that he has been Defrauded and taken advantage of because he is an unschooled as an attorney, *Pro Se* Plaintiff.

   The Plaintiff furthermore states that it is reasonable to believe that both the Penobscot County Sheriff's Department and the County of Penobscot, Maine condone this type of activity *when they believe it is possible to get away with it* as neither institution responded to his notice of claim as will be discussed below.

48. The Plaintiff furthermore notes that Northern Light Health is the largest employer in Bangor Maine, and Penobscot County for that matter, and therefore notes that it is not unreasonable to believe they are "well protected" Politically and by the Police Force, including the Penobscot County Sheriff's Office, and thus it is not unreasonable to believe the *Pro Se* Plaintiff has been the victim of nefarious activity by Sargeant Beal and Deputy Kinley because it was in the interest of Northern Light Health, whose employees were defendants in BANSC-CV-20-0017 prior to Deputy Kinley's defective service and whom itself as an institution remains a defendant in case BANSC-CV-20-0017.

    The Plaintiff therefore again states that it is reasonable to believe that both the Penobscot County Sheriff's Department and the County of Penobscot, Maine condone this type of activity *when they believe it is possible to get away with it* as Northern Light Acadia Health provides much Tax Revenue to both the city of Bangor and The County of Penobscot.

49. The Plaintiff has furthermore sent Notice of Claim pursuant to MRS Title 14, Chapter 741, § 8107 on 05/24/23 to all four defendants (Exhibit B) and has received no response. Tracking indicates that all were successfully delivered.

    The Notice of Claim does not list The County of Penobscot as a recipient due to an oversight although it was sent one. The Plaintiff has included their USPS shipping label, with tracking number, as Exhibit C.

    The fact that the Plaintiff has received no response from the Penobscot County Sheriff's Department or the County of Penobscot, Maine again leads the Plaintiff to the reasonable conclusion that those defendants condone this type of activity by their Civil Service Division *when they believe it is possible to get away with it.*

50. The Plaintiff's case BANSC-CV-20-0017 has been harmed by the defendants as described above. As that particular case sounds in medical malpractice the Plaintiff knows it to be, or to have been prior to the defendants ignoring the written instructions (Exhibit A) of the Plaintiff and serving the defendants "their own way" and improperly, a large case.

51. The Plaintiff is a resident of Penobscot County and the actions of the defendants have undermined and have had a chilling effect on his belief that the PCSO will do their best to "Protect and Serve" him, as is their duty.

52. Plaintiff was and is highly upset, distraught, and traumatized as a result of the nefarious actions of the defendants as described in complaint.

53. Plaintiff knows that he has been victim to nefarious behavior by The PCSO and its named employee defendants, and they have violated his Constitutional Rights and

have defrauded him and he therefore knows it could happen again and at any time, and by any Law Enforcement Agency under any color of Law.

54. Plaintiff is now rightfully distrustful of Law Enforcement and feels that he can no longer interact well with Law Enforcement Agencies as The PCSO as its' named defendants have violated his United States Constitutional Rights and have perpetrated fraud upon him that has harmed his civil case BANDC-CV-20-0017 as described in complaint.

55. The fact that the Plaintiff has been so egregiously and blatantly injured by the defendants, as described above, has put him in a position where he is highly uncomfortable in interacting with Law Enforcement, and this fact will only continue to harm the Plaintiff in the future, as some interactions may be sometimes necessary, and the Plaintiff believes verifiable proof of this Fact has already occurred since this incident.

56. The Plaintiff states that it is impossible to believe that trained and well experienced Civil Service Deputies such as Sargeant Beal and Deputy Kinley, as described above, did not know that their service was improper and defective and the Plaintiff therefore states that the defendants are not entitled to the defenses of Qualified Immunity.

57. Plaintiff sues both Sargeant Beal and Deputy Kinley in their individual capacity.

58. The Plaintiff is inclined to remind The Court at this time that The First Circuit has held that "We accept as true all well-pled facts set forth in complaint and draw all Reasonable Inferences therein in the pleader's favor." (*Artuso v. Vertex Pharm Inc.*, 637 F.3d 1, 5 (1st Cir. 2011). The Plaintiff believes that the facts of this complaint are all well-pled and that any inferences he may have drawn, could have drawn, or could be drawn in this complaint are reasonable for reasons that are either obvious or well-stated in this complaint.

59. The Plaintiff would like to remind The Court that his *Pro Se* complaint is subject to "less stringent standards than formal pleadings drafted by lawyers" (*Haines v. Kerner*, 404 U.S. 519, 520).

60. Plaintiff wishes to preempt a *Neitzke*-like challenge by reminding The Court that The United States Supreme Court has held that "a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless"". *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Facts alleged are clearly not baseless. The actions of the defendants are on record in BANDC-CV-20-0017 and the conversations the Plaintiff had with Sargeant Beal and Deputy Kinley on 07/24/20 and 07/27/20 have been captured by the PCSO's security cameras.

The Formal Discovery Process will produce, *inter alia,* the audio-visual PCSO security camera footage that captured the conversations the Plaintiff has had with both Sargeant Beal and Deputy Kinley and show that the Plaintiff has been intimidated and defrauded by the defendants as pled in complaint.

61. Plaintiff wishes to preempt a *Denton*-like challenge to this complaint by recognizing himself that the actions of the defendants are perhaps not what most people think of as "ordinary" or "proper" by Law Enforcement in the sense that some of the Facts are perhaps grievous, heinous, or unusual, although not "irrational" or "wholly unbelievable" *as is the threshold in Denton*, and the Plaintiff wishes The Honorable Court to recognize that the Facts have necessarily been made what they are due only to the defendants' conduct, which the Plaintiff had absolutely no control over.

62. The United States Supreme Court has held that "An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely" and continues to elaborate and finally concludes by quoting the great poet George Gordon Lord Byron;

"Some improbable allegations might properly be disposed of on summary judgment, *but to dismiss them as frivolous without any factual development is to disregard the age old insight that many allegations might be "strange, but true; for truth is always strange.* Stranger than fiction."" (*Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

As noted above, if the Court finds the Plaintiff's allegations unlikely, improbable, or strange, it is only due to the highly unusual actions and conduct of the defendants, which the Plaintiff had absolutely no control over and which has been truthfully and accurately described in this complaint. The Plaintiff rightfully believes this complaint easily cleared the "clearly baseless" hurdle in *Neitzke* as well as the "irrational or wholly unbelievable" hurdle in *Denton* and therefore welcomes factual development to begin via The Formal Discovery Process.

### IV. Claims for Relief

#### Count 1

42 U.S.C. § 1983 – Deprivation of United States Constitutional Rights, *inter alia*, Fifth Amendment Violation(s), procedural and substantive due process.

Glen Plourde v. All Defendants.

63. Paragraphs (12) – (62) are incorporated by reference as if pled herein.

64. Plaintiff alleges that all Defendants have deprived him of his Constitutional Rights, *inter alia* his Fifth Amendment Rights, as applied to the States by the Fourteenth

Amendment. and as such are liable to the Plaintiff for damages under 42 U.S.C. § 1983 as well as punitive damages to deter such deprivation of United States Constitutional Rights from occurring to the Plaintiff or to any other citizen again.

## Count 2

42 U.S.C. § 1983 – Deprivation of United States Constitutional Rights, *inter alia*, Fourteenth Amendment Violation(s), equal access to and protection under the Law.

Glen Plourde v. All Defendants.

65. Paragraphs (12) – (62) are incorporated by reference as if pled herein.

66. Plaintiff alleges that all Defendants have deprived him of his Constitutional Rights, *inter alia* his Fourteenth Amendment Rights, as applied to the States by the Fourteenth Amendment. and as such are liable to the Plaintiff for damages under 42 U.S.C. § 1983 as well as punitive damages to deter such deprivation of United States Constitutional Rights from occurring to the Plaintiff or to any other citizen again.

## Count 3

Federal Fraud perpetrated by State Actor; Plaintiff seeks Civil Relief pursuant to, *inter alia*, 18 U.S.C. § 704.

Glen Plourde v. All Defendants.

67. The Paragraphs (12) – (62) are incorporated by reference as if pled herein.

68. Plaintiff alleges that all Defendants have defrauded him or aided and abetted in defrauding him, and as such are liable to the Plaintiff for damages pursuant to *inter alia*. 18 U.S.C. § 704 and Federal Civil Fraud Statutes (which the *Pro Se* Plaintiff is having trouble locating) as well as punitive damages to deter such Fraud from occurring to the Plaintiff or to any other citizen again.

## Count 4

The Federal Tort Claims Act (August 2, 1946, ch. 646. Title IV. 60 Stat. 812. 28 U.S.C. Part VI, Chapter 171 and 28 U.S.C. § 1346) – Negligence.

Glen Plourde v. All Defendants.

69. The Paragraphs (12) – (62) are incorporated by reference as if pled herein.

70. Plaintiff alleges that all Defendants have acted with intentional negligence with intent to defraud, and have done so, or have aided and abetted in doing so, and as

such are liable to the Plaintiff for damages pursuant to The Federal Tort Claims Act as well as punitive damages to deter such negligence from occurring to the Plaintiff or to any other citizen again.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____May 30th_____, 20 24

Signature of Plaintiff _____

Printed Name of Plaintiff _____Glen Plourde_____