UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>BRIAN S. KINLEY, et al., )<br>)<br>Defendants ) | 1:24-cv-00198-LEW |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff seeks to recover damages allegedly resulting from Defendants' failure to serve process upon certain defendants in an ongoing state court civil case that Plaintiff is prosecuting. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 4; Order, ECF No. 6.)

In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**FACTUAL BACKGROUND**

Plaintiff alleges that he provided the documents necessary for service of a complaint and summonses upon several individuals named as defendants in a civil action that Plaintiff initiated in state court. The individuals worked for the same employer, a local hospital.

According to Plaintiff, Defendant Kinley, a deputy sheriff, served an agent of the hospital rather than the individuals personally.  Plaintiff asserts that the state court ultimately dismissed his claim against the individuals based on improper service.  The state court case continues against the individuals' employer, evidently based on the individuals' conduct.  A motion to dismiss the case is pending.  In this case, Plaintiff asserts federal and state law claims based on the failure to serve the individuals properly.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640

F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980)

## DISCUSSION

Plaintiff's central claims involve alleged violations of his right to due process of law. The Fourteenth Amendment prohibits state deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This protection has both substantive and procedural components. *Amsden v. Moran*, 904 F.2d 748, 753–54 (1st Cir. 1990). In either context, "a plaintiff, as a condition precedent to stating a valid claim, must exhibit a constitutionally protected interest in life, liberty, or property." *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 8 (1st Cir. 2005).

The substantive guarantee of the Due Process Clause "rests not on perceived procedural deficiencies but on the idea that the government's conduct, regardless of procedural swaddling, was in itself impermissible." *Amsden*, 904 F.2d at 753. "The substantive component of the Due Process Clause is violated by executive action when it

can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Espinoza v. Sabol*, 558 F.3d 83, 87 (1st Cir. 2009) (quotation omitted); *see also*, *Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006) (conduct must be "extreme and egregious," "truly outrageous, uncivilized, and intolerable," "stunning"). Plaintiff's allegation of erroneous service of process falls far short of the high bar required to make out a substantive due process claim.

The procedural component of the due process guarantee "normally requires notice and an opportunity for some kind of hearing," but "[w]hether the opportunity needs to be furnished before the seizure or whether a post-seizure opportunity is sufficient depends on the circumstances." *Herwins v. City of Revere*, 163 F.3d 15, 18 (1st Cir. 1998) (quotation omitted). Courts determine which procedural protections are required "according to a sliding scale, balancing a number of factors, including the nature of the private and public interests involved; the risk of erroneous deprivation accruing under the procedures used by the state; and the probable benefit of demanding additional procedural safeguards." *Amsden*, 904 F.2d at 753.

Plaintiff argues Defendants failed to follow the proper procedural rules for serving the employees in the state court proceeding. Plaintiff's claim fails, however, under the Supreme Court's reasoning in *Parratt v. Taylor*, 451 U.S. 527 (1981), *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Zinermon v. Burch*, 494 U.S. 113 (1990). The so-called *Parratt-Hudson* doctrine provides:

> So long as a state has not set up a scheme so open-ended it invites unwarranted uses of summary process, *see Zinermon*, 494 U.S. at 138, and

> so long as a state provides an adequate after-the-fact remedy for any wrongful summary action, *see Parratt*, 451 U.S. at 543–44, allegations of the kind of "random and unauthorized" mistakes in application that those who work in government sometimes make are not enough to state a procedural due process claim, *Hudson*, 468 U.S. at 533.

*S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc.*, 775 F.3d 82, 89 (1st Cir. 2014) (alternate citations omitted).

A procedural due process claim fails because Plaintiff does not challenge the procedures provided by a state or local policy or rule but instead challenges an alleged error in applying the state service of process rules, and Plaintiff does not allege the absence of state remedies. *See Lambert v. Fiorentini*, 949 F.3d 22, 28 (1st Cir. 2020) ("A procedural due process claim that does not allege the unavailability of constitutionally-adequate remedies under state law fails") (internal quotation marks omitted). Courts have long rejected attempts to create a federal case out of the "countless" potential "local mistakes by officials in administering the endless array of state laws and local ordinances." *Herwins*, 163 F.3d at 19.

Plaintiff also references his right to equal protection under the law, but because he does not allege any suspect classification or characteristic, he must show that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Plaintiff has not alleged enough facts to support such a class-of-one equal protection claim because he did not identify any similarly situated individuals or otherwise allege a basis to infer "that the [alleged] differential treatment was motivated by

5

bad faith or malicious intent to injure," as is generally required for such claims. *Najas Realty, LLC v. Seekonk Water Dist.*, 821 F.3d 134, 144 (1st Cir. 2016) (internal quotation marks omitted).

To the extent Plaintiff intended or attempted to raise other claims, Plaintiff's allegations are also insufficient. For example, Plaintiff cites the Federal Tort Claim Act, but because Defendants are not federal officers, the Federal Tort Claim Act is not applicable. 28 U.S.C. §§ 2671, 2675. Plaintiff attempts to assert a civil fraud claim based upon a federal criminal statute, 18 U.S.C. § 704, that does not appear to be applicable. Furthermore, because all the discernible federal claims fail at the pleading stage, even if the Court were to construe the fraud claim as raising a state law issue, it would not be appropriate to exercise supplemental jurisdiction over a state law claim. *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

Finally, even if the Court could discern a valid claim, dismissal of the complaint would still be appropriate at this time because the issues that Plaintiff raises are not yet ripe for adjudication in this forum. Federal jurisdiction is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2. The "ripeness doctrine seeks to prevent the adjudication of claims relating to 'contingent future events that may not occur as anticipated, or indeed may not occur at all." *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir.

2017) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Ripeness "is rooted in Article III." *Reddy*, 845 F.3d at 499.

The ripeness analysis has two components – fitness and hardship. *Id.* at 501. "The jurisdictional component of the fitness prong concerns 'whether there is a sufficiently live case or controversy, at the time of the proceedings, to create jurisdiction in the federal courts.'" *Id.* (quoting *Roman Catholic Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 1st Cir. 2013). "[A] court has no alternative but to dismiss an unripe action." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535 (1st Cir. 1995).

Here, Plaintiff's claim remains pending in state court against the employer of the individuals who were dismissed due to improper service. Plaintiff, therefore, could still recover damages based on the conduct of the individuals and thus any harm or damages based on the alleged improper service are still uncertain and could not yet be determined in this forum. Accordingly, Plaintiff's claim against the defendants in this case is not ripe. *See Breitenstein v. Deters*, No. 1:19-cv-413, 2020 WL 1083612 (S.D. Ohio Mar. 6, 2020), *recommended decision adopted*, 2020 WL 3077554 (June 10, 2020) (dismissing legal malpractice case where underlying action still pending in state court).

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered

pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

          /s/ John C. Nivison
          U.S. Magistrate Judge

Dated this 24th day of June, 2024.